FERNÁNDEZ GONZÁLEZ, LIQUIDADOR DE FERNÁNDEZ & CÍA., S. EN C., RECURRENTE, v.· EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., anotando con defecto subsanable una subsanación de defecto y denegando una cancelación.

No. 356.—Resuelto en junio 6, 1918.

DEFECTOS SUBSANABLES—PRESENTACIÓN DEL TÍTULO EN QUE SE CONSIGNÓ EL DEFECTO.—No es necesario que cuando se subsanan defectos obrantes en el registro haya que presentar necesariamente la copia del título en que se consignó la inscripción con el defecto, ya que en nada ha de influir la presentación de esa copia para que el defecto se subsane.

ESCRITURA DE SUBSANACIÓN — DECLARACIÓN DE PAGO. — Estudiados los términos de la escritura de subsanación origen de este recurso, *se resolvió* que la declaración de pago no fué hecha solamente por el que aceptó la obligación de pagar el pasivo sino que fué hecha de común acuerdo con la persona que impuso esa condición, siendo procedente la cancelación solicitada.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José de Guzmán Benítez.*

El registrador recurrido, Sr. Rafael Tirado Verrier, no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura del año 1910 fué disuelta la sociedad mercantil "Padial y Villar" y por ella también el socio don Manuel Padial hizo cesión a su único socio Villar & Cía. de su haber social y de cuantos derechos y acciones le correspondieran en la sociedad y en una finca que habían adquirido, todo con objeto de que "Villar & Cía." extinguieran el pasivo de la sociedad. Parece que esta escritura fué presentada en el registro e inscrita con algún defecto pues en el presente año los dos socios de "Padial y Villar" comparecieron nuevamente ante notario y después de exponer algunos antecedentes y de hacer constar que la escritura de disolución mencionada tenía el defecto de no expresar la cantidad a que escendía el pasivo de la sociedad Padial & Villar y de no valorarse ni referirse la participación del socio Padial en la finca de que se ha hecho mérito, agregaron que habiendo sido cumplida por los Sres. Villar & Cía. la obligación de extinguir el mencionado pasivo formalizaban la escritura y de su expontánea voluntad otorgaron: primero determinando el pasivo de "Padial y Villar," la participación del socio Padial en la finca mencionada y la valoración de esta participación; en segundo término hizo constar don Carlos Conde como representante de "Villar & Cía." que esta sociedad cumplió las obligaciones que contrajo por la cesión de Padial de extinguir y pagar el pasivo de Padial y Villar y que quiere y consiente en que así se haga constar en el registro de la propiedad.

Con esta escritura subsanó el registrador el defecto que antes había hecho constar aunque consignando un nuevo defecto subsanable por no habérsele presentado la misma copia de la escritura de disolución de "Padial & Villar" en que había puesto la nota de inscripción, y se negó a cancelar el precio aplazado de la venta de la participación de la finca mencionada exponiendo como fundamento que la parte deudora es la que hace la declaración de pago que debe hacerse por los acreedores.

No vemos razón alguna que pueda sostener el defecto sub-

sanable mencionado pues no es necesario que cuando se subsanan defectos obrantes en el registro haya que presentar necesariamente la copia del título en que se consignó la inscripción con el defecto ya que en nada ha de influir la presentación de esa copia para que el defecto se subsane. Será conveniente, tal vez, para la parte interesada que la subsanación del defecto se haga en la misma copia en que el defecto se consignó para que de este modo aparezca la subsanación a continuación de la consignación del defecto, pero no existe obligación de que así se haga. Además, la no presentación de la misma copia en que conste la nota de inscripción con defectos y sí de otra no afecta a la validez del título sin producir su nulidad, que es el concepto de los defectos o faltas subsanables según la Ley Hipotecaria.

En cuanto al otro defecto que motivó la negativa de cancelación descansa en la inteligencia que se dé a la escritura de subsanación de defectos mencionada al principio. Sus términos no son todo lo claro que debieran ser, pero son lo bastante para que podamos decir que la declaración de pago del pasivo de "Padial & Villar" no fué hecha solamente por el representante de "Villar y Cía." que aceptó la obligación de pagar el pasivo, sino que fué hecha de común acuerdo con la persona que impuso esa condición, pues don Manuel Padial intervino en esa escritura y dijo con el otro compareciente no sólo que la escritura de disolución tenía determinado defecto sino también que había sido cumplida por "Villar & Cía." la obligación de extinguir el pasivo de "Padial & Villar." Siendo don Manuel Padial quien voluntariamente impuso la condición en la cesión pudo darla por cumplida y la dió por cumplida, por cuyo motivo era procedente la cancelación que se solicitó de ella en el registro de la propiedad.

La nota recurrida debe ser revocada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.